**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 02-20683
Summary Calendar

---

REID H. VAN CLEAVE,

Plaintiff-Appellant,

v.

AMERON INTERNATIONAL INC,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
(No. H-01-CV-239)

---

December 4, 2002

Before HIGGINBOTHAM , SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A laid off employee brought claims under the Age Discrimination in Employment Act, 29

U.S.C. §§ 621-634 (1999) and the Texas Commission on Human Rights Act, TEXAS LABOR CODE

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

ANN. § 21.001-.556 (Vernon Supp. 2003). The district court granted the employer's motion for summary judgment, holding that the employee failed to provide evidence that his employer had a vacant position at the time of his layoff for which he was qualified, one of the elements of a prima facie case of age discrimination. We affirm.

I.      BACKGROUND

Reid H. Van Cleave ("Van Cleave") worked for Ameron International Inc. ("Ameron"), or companies it eventually acquired, as a chemical engineer for more than thirty years. With a variety of talents, Van Cleave worked within several divisions of the company. His expertise was within the fiberglass pipe industry. Mindful of Van Cleave's abilities and a need to better market its fiberglass pipe, Ameron gave Van Cleave duties marketing its product line. Van Cleave performed well and was promoted repeatedly. At all times relevant to this suit, Van Cleave worked as market/product manager of the fuel handling market.[1]

In the late 1980s, the EPA set deadlines for oil companies to convert fuel handling pipes from steel to fiberglass. The deadline expired in 1998. After the resulting market downturn, Ameron restructured its fiberglass pipe division, the division in which Van Cleave worked. Van Cleave's supervisor, Mark Nowak ("Nowak"), was responsible, in part, for crafting a restructuring proposal. Van Cleave's position of fuel handling product manager was to survive the restructuring. But Nowak recommended terminating Van Cleave, and offering his position to another, allegedly because of Van Cleave's bad attitude and difficulties with following instructions.

When Ameron president and CEO James Marlen considered the restructuring proposal, he

---

[1] The "fuel handling" system comprises the underground pipes that connect storage tanks to the pumps at service stations that dispense gasoline to motorists.

2

interceded, offered Van Cleave a second chance, and put Van Cleave on probation for six months. By December 1999, the restructuring had been implemented: two district managers positions had been created and filled; a chemical/industrial product manager was hired; and both the offshore/marine product manager and the fuel handling product manager (Van Cleave) were retained. In addition, the division included five regional managers.

The market continued to decline and, in April 2000, Ameron undertook a reduction in force ("RIF"). All product manager positions were eliminated: the fuel handling product manager (Van Cleave), age 57, was laid off; the offshore/marine product manager, age 49, resigned prior to the layoff and was not replaced; and the chemical/industrial product manager (newly-hired during the restructuring), age 35, was laid off. Two of the five regional managers, both age 48, experienced adverse employment action: one was laid off, the other was transferred to a subsidiary. The remaining group included two district managers (appointed during the restructuring), ages 47 and 48, and three regional managers, ages 54, 63, and 64.

Van Cleave filed suit alleging Ameron terminated his employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (1999), and the Texas Commission on Human Rights Act ("TCHRA"), TEXAS LABOR CODE ANN. § 21.001, *et seq.* (Vernon 1996).

The district court granted Ameron's motion for summary judgment, finding that (1) Van Cleave failed to establish a prima facie case of age discrimination, inasmuch as he failed to adduce credible evidence demonstrating that a district manager position was available at the time his employment was terminated; and (2) even if Van Cleave had made out a prima facie case of age discrimination, he failed to overcome Ameron's legitimate, nondiscriminatory reason for terminating

3

his employment or otherwise to raise a genuine issue of material fact demonstrating that Ameron's reason for terminating his employment was a pretext for age discrimination.

Van Cleave filed a Motion for Reconsideration or in the Alternative, a New Trial, which the district court denied. This appeal followed.[2]

## II.    STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment *de novo*. Askanase v. Fatjo, 130 F.3d 657, 669 (5th Cir. 1997). A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether a fact issue exists, the reviewing court must view the facts, and inferences to be drawn therefrom, in the light most favorable to the nonmoving party. Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

## III.    DISCUSSION

Congress passed the ADEA to protect workers from age discrimination in the workplace. See § 623(a)(1). A plaintiff can create a rebuttable presumption of intentional discrimination by establishing a "prima facie case". Thornbrough v. Columbus & Greenville R.R., 760 F.2d 633, 639 (5th Cir. 1985). In order to establish a prima facie case of age discrimination in the context of a RIF, a plaintiff must demonstrate: (1) membership in the protected class; (2) an adverse employment action; (3) qualifications to assume an available position; and (4) direct, circumstantial, or statistical

---

[2] A party waives an issue that is inadequately briefed. See United States v. Martinez, 263 F.3d 436, 438 (2001). Van Cleave mentions in his "Summary of the Argument" that the burden of defeating a motion for summary judgment is less difficult under the TCHRA than under the ADEA. Yet no legal authorities were cited at that point, and the issue was not addressed elsewhere in the brief. Van Cleave waived this issue.

evidence tending to indicate that age was a motivating factor for termination. See Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 812 (5th Cir. 1991); (discussing prima facie cases in RIF scenarios). Once an employee establishes a prima facie case of age discrimination, the burden of persuasion shifts to the employer to produce a legitimate, nondiscriminatory reason for its action. Price v. Marathon Cheese Corp., 119 F.3d 330, 336-37 (5th Cir. 1997). If the employer offers a legitimate, nondiscriminatory reason for its conduct, the plaintiff has the burden to demonstrate that the employer's reasons were pretext for intentional discrimination. Id. There is no serious dispute regarding the first two elements of a prima facie case of age discrimination because Van Cleave was over forty years of age and was laid off.

At the time Van Cleave was laid off, there were no positions available for which Van Cleave was qualified. Nevertheless, Van Cleave persists in his claim and argues: although he was terminated in the April 2000 RIF, the decision to terminate him was made when the December 1999 restructuring was first proposed, in August or September 1999; the proposed restructuring created two district manager positions for which he was qualified; he was not offered either of the district manager positions; and thus, there is evidence to satisfy the third element of a prima facie case of age discrimination. We disagree.

Van Cleave and Don Haynes, a contract employee, shared the responsibilities of fuel handling product manager. In August 1999, Nowak proposed having only one person in the fuel handling product manager position: Haynes' contract would not be renewed; Van Cleave would be offered a position outside the sales and marketing group "where his strengths and experience [could] be better utilized to [Ameron's] benefit", 2 R. at 296; and Ameron would offer the vacant fuel handling product manager position to a current employee. By September, the proposed restructuring included

5

Van Cleave's severance from the company. But Ameron president Marlen interceded and Van Cleave *retained* the fuel handling product manager position. At that time, there was no reason Ameron should have offered Van Cleave one of the newly-created positions. Even when viewing all facts in the light most favorable to him, Van Cleave fails to raise an issue of material fact whether he established a prima facie case of age discrimination. Moreover, Van Cleave fails to show how the proposal to terminate him, which was ultimately *rejected* by Ameron, contributed to the subsequent elimination of all product manager positions, of which he was only one.

IV.     CONCLUSION

For the reasons stated, we AFFIRM the district court's grant of summary judgment in favor of Ameron.

AFFIRMED.